**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne L. Rice, on her own behalf and on behalf of all others similarly situated,<br><br>        Plaintiff,<br><br>vs.<br><br>Lender Services Direct, Inc., a California corporation; and Alliance Title Company, a California corporation,<br><br>        Defendants. | No. CV-06-2727-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a motion for leave to amend her complaint to add two new plaintiffs. Dkt. #38. Defendants have filed a response. Dkt. #40. The Court will deny the motion.

The Case Management Order dated February 15, 2007, contains the following paragraph:

> 2.  <u>Deadline for Joining Parties and Amending Pleadings</u>. The deadline for joining parties and amending pleadings is **60 days** from the date of this Order.

Dkt. #19 ¶ 2 (emphasis in original). The deadline for filing motions for leave to amend was therefore April 16, 2007. Plaintiff's motion was filed on June 8, 2007, more than seven weeks late.

Although Plaintiff argues that leave to amend should be liberally granted under Rule 15, that is not the standard to be applied in resolving the present motion. Plaintiff's motion to amend was filed after the deadline set by the Court pursuant to Rule 16 of the

Federal Rules of Civil Procedure. A deadline established under Rule 16 "shall not be modified except upon a showing of good cause[.]" Fed. R. Civ. P. 16(b); *see Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 608 (9th Cir. 1992) ("The scheduling order 'controls the subsequent course of the action' unless modified by the court.") (quoting Fed. R. Civ. P. 16(a)). "Good cause" exists when a deadline "cannot reasonably be met despite the diligence of the parties seeking the extension." Fed. R. Civ. P. 16 Advisory Comm.'s Notes (1983 Am.).

Plaintiff states that following the issuance of the Case Management Order, Nancy Baker and Diane Baldwin retained Plaintiff's counsel in an effort to act as additional class representatives in this case. Dkt. #38 at 2-3. Plaintiff does indicate when Baker and Baldwin retained Plaintiff's counsel. Nor does Plaintiff explain why she could not have sought leave to add Baker and Baldwin as plaintiffs prior to June 8, 2007.

The complaint in this matter was filed on November 13, 2006. Dkt. #1. The Court concludes that Plaintiff had ample opportunity to amend her complaint prior to the deadline of April 16, 2007.

Plaintiff contends that Defendants will not be prejudiced by the untimely amendment. Dkt. #38 at 4. Defendants disagree, arguing that they would not have time to depose Baker and Baldwin before their response to Plaintiff's class certification motion is due. Dkt. #40 at 2; *see* Dkt. #39. Whether or not this is true, prejudice is not the relevant inquiry. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification [of the Rule 16 schedule]. If that party was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609 (citation omitted).

"In these days of heavy case loads, trial courts . . . set schedules and establish deadlines to foster the efficient treatment and resolution of cases." *Wong v. Regents of the Univ. of Cal.*, 279 F.3d 1097, 1103 (9th Cir. 2004). "Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders[.]" *Id*.

Plaintiff has not shown good cause to modify the Court's Rule 16 schedule. Plaintiff's

1  motion for leave to amend will be denied.

2  **IT IS ORDERED:**

3  1.   Plaintiff's motion for leave to amend the complaint (Dkt. #38) is **denied**.

4  2.   Defendants' request for an expedited hearing (Dkt. #40) is **denied** as moot.

5  DATED this 14th day of June, 2007.

_____
David G. Campbell
United States District Judge