**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anne L. Rice, on her own behalf and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>vs.<br><br>Lender Services Direct, Inc., a California corporation; and Alliance Title Company, a California corporation,<br><br>    Defendants. | No. CV-06-2727-PHX-DGC<br><br>**ORDER** |

Plaintiff has filed a second motion for leave to amend the complaint. Dkt. #45. A response and reply have been filed. Dkt. ##54, 56. The Court will grant the motion in part and deny it in part.

**I.     Background.**

Plaintiff Anne Rice filed a class action complaint against Defendants Lender Services Direct, Inc. ("LSD") and Alliance Title Company ("ATC") on November 13, 2006. Dkt. #1. A Case Management Conference was held in February 2007 pursuant to Rule 16 of the Federal Rules of Civil Procedure. The Case Management Order dated February 15, 2007, provided that "[t]he deadline for joining parties and amending pleadings is **60 days** from the date of this Order." Dkt. #19 ¶ 2 (emphasis in original). The deadline for filing motions for leave to amend was therefore April 16, 2007.

1  Plaintiff filed a motion for leave to amend the complaint on June 8, 2007. Dkt. #38.
2 Plaintiff sought to substitute Nancy Baker and Diane Baldwin as class plaintiffs. *Id.* The
3 Court denied the motion on June 14, 2007 on the ground that Plaintiff had failed to show
4 good cause to modify the Court's Rule 16 schedule. Dkt. #42.

5 **II.     Analysis.**

6  In the instant motion, Plaintiff again seeks to substitute Baker and Baldwin as
7 plaintiffs. Dkt. #45. Plaintiff essentially asks the Court to reconsider its order denying
8 Plaintiff's initial motion to amend.

9  Motions for reconsideration are disfavored and are not the place for parties to make
10 new arguments or to ask the Court to rethink its analysis. *See Northwest Acceptance Corp.*
11 *v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988); *United States v. Rezzonico*,
12 32 F. Supp. 2d 1112, 1116 (D. Ariz. 1998). Courts in this District have identified four
13 circumstances where a motion for reconsideration will be granted: (1) the moving party has
14 discovered material differences in fact or law from those presented to the Court at the time
15 of its initial decision, and the party could not previously have known of the differences
16 through the exercise of reasonable diligence, (2) material factual events have occurred since
17 the Court's initial decision, (3) there has been a material change in the law since the Court's
18 initial decision, and (4) the movant makes a convincing showing that the Court failed to
19 consider material facts that were presented to the Court at the time of its initial decision. *See*
20 *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

21  Plaintiff argues that good cause now exists to permit amendment to substitute Baker
22 and Baldwin as class representatives. Dkt. #45 at 2. The Court agrees. Plaintiff's husband
23 was diagnosed with a serious illness on June 7, 2007, and had surgery related to the illness
24 on June 18, 2007. *Id.* Mr. Rice faces post-surgery hospitalization and continued medical
25 treatment. *Id.* at 5. Plaintiff states that she needs to devote a substantial amount of time to
26 care for her husband and therefore is precluded from continuing to serve as a class
27 representative. *Id.*; Dkt. #56 at 2.

28  Mr. Rice's current medical condition constitutes a material event that occurred after

1 the Court's initial order denying leave to amend. Plaintiff promptly moved to amend the
2 complaint following Mr. Rice's surgery. *See* Dkt. #45. The Court will grant Plaintiff's
3 motion to amend to the extent Plaintiff seeks to substitute Baker and Baldwin as plaintiffs.
4        The proposed amended complaint, however, contains new allegations not directly
5 related to the transactions involving Baker and Baldwin. *See* Dkt. #38-3 ¶¶ 48-74, 91, 95;
6 Dkt. #45-4 ¶¶ 33-59, 76, 80. Defendant LSD correctly notes that while Mr. Rice's illness
7 may be justification for substituting parties, it does not give Plaintiff the right to assert new
8 allegations unrelated to the proposed substitution. Dkt. #54 at 3. Plaintiff does not explain
9 why she failed to address the propriety of the new allegations in her initial motion to amend.
10 Nor does Plaintiff argue that the new allegations are necessary to state claims for relief given
11 Rule 8's notice pleading standard. Dkt. #56 at 5. The Court will deny Plaintiff's motion to
12 amend to the extent Plaintiff seeks to add allegations beyond those necessary to substitute
13 Baker and Baldwin as plaintiffs.

14      **IT IS ORDERED:**

15      1. Plaintiff's motion for leave to amend class complaint (Dkt. #45) is **granted in**
16          **part** and **denied in part** as set forth in this order.
17      2. Plaintiff shall file an amended complaint consistent with this order by
18          **August 25, 2007**.
19      3. A conference call to address modification of the Court's Rule 16 schedule is
20          set for **August 24, 2007 at 3:30 p.m.**

21 DATED this 8th day of August, 2007.

David G. Campbell
United States District Judge