**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy J. Baker and Diane Baldwin, on their own behalf and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>Lender Services Direct, Inc., a California corporation; and Alliance Title Company, a California corporation,<br><br>Defendants. | No. CV-06-2727-PHX-DGC<br><br>**ORDER** |

Plaintiffs asserted consumer class action claims against Lender Services Direct, Inc. ("LSD"). Dkt. #64. On December 17, 2007, the Court issued an order preliminarily approving a settlement of the claims against LSD. Dkt. #93. The order and settlement agreement required LSD to pay a total of $106,250, by making monthly installments of $10,000 beginning on February 1, 2008 until paid in full. *Id.* at 4, ¶ 8; Dkt. #86-3. On October 22, 2008, the Court issued an order finally approving settlement of the class claims (Dkt. #110), and judgment was entered accordingly (Dkt. #111).

LSD made monthly $10,000 payments through September 1, 2008, totaling $80,000, but has failed to pay the remaining amount of $26,250. Plaintiffs filed a motion to set an order to show cause hearing (Dkt. #112) to determine whether LSD should be held in contempt of Court for disobeying the December 17, 2007 order requiring LSD to pay Plaintiffs and the class $106,250 (Dkt. #93). A contempt hearing was held on March 25,

2009. Dkt. #119. LSD asserted that it does not have the money to pay the remaining $26,250. The Court permitted Plaintiffs to conduct discovery into the financial condition of LSD and continued the contempt hearing. Dkt. #120.

The parties have filed supplemental memoranda and evidence. Dkt. ##123-26. A second contempt hearing was held on June 12, 2009. On the basis of the briefs and evidence, and for reasons stated on the record at the hearing, the Court finds (1) that LSD should be held in contempt of Court for failing to comply fully with the Court's December 17, 2007 order (Dkt. #93), (2) that Joseph Gekko, LSD's sole shareholder, is not subject to the contempt finding against LSD, (3) that a separate judgment in the amount of $26,250, plus interest, should be entered in favor of Plaintiffs and against LSD, and (4) Plaintiffs are entitled to an award of reasonable attorney fees.

**IT IS THEREFORE ORDERED:**

1. LSD is found to be in contempt of Court for failing to comply with the Court's December 17, 2007 order requiring LSD to pay Plaintiffs and the class at total of $106,250 (Dkt. #93 at 4, ¶ 8).
2. The Court will enter a separate judgment in the amount of $26,250.00, plus interest, in favor of Plaintiffs and against LSD. That judgment shall supersede the judgment entered on October 22, 2008 (Dkt. #111).
3. Plaintiffs are entitled to an award of reasonable attorney fees. Plaintiffs shall file a stipulation or motion for attorney fees by **June 26, 2009**. LSD shall file a response to any motion by **July 8, 2009**.

DATED this 17th day of June, 2009.

David G. Campbell
United States District Judge